**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) MADELYN THIDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIV-15-644-D |
| | ) | |
| **vs.** | ) | |
| | ) | **VERIFIED COMPLAINT** |
| **(1) PORTFOLIO RECOVERY ASSOCIATES, LLC,** | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Plaintiff, Madelyn Thide, and for the Verified Complaint against Defendant, Portfolio Recovery Associates, LLC, alleges as follows:

**INTRODUCTION**

1.      Plaintiff states a claim against Portfolio Recovery Associates, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2.      Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt
collection practices are available for the effective collection of
debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a
substantial extent in interstate commerce and through means
and instrumentalities of such commerce. Even where abusive
debt collection practices are purely intrastate in character, they
nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt
collection practices by debt collectors, to insure that those
debt collectors who refrain from using abusive debt collection
practices are not competitively disadvantaged, and to promote
consistent State action to protect consumers against debt
collection abuses.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that
such actions may be brought and heard before "any appropriate United States district court
without regard to the amount in controversy.

4.      Defendant conducts business in the state of Oklahoma; therefore, personal
jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and
according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C.
1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Norkfolk, VA.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Sometime before in 2012, Defendant began writing and calling Plaintiff seeking and demanding payment for a debt purportedly incurred in HSBC. Plaintiff wrote to Defendant disputing the account and requesting validation of the account it was attempting to collect pursuant to 15 U.S.C. §1692g.

12.     Plaintiff does not remember receiving any response from Defendant, and the Defendant may have stopped attempts to collect the alleged debt until it began calling Plaintiff again in November, 2014.

11.     On December 18, 2014, Plaintiff sent a letter to Defendant directing Defendant to cease communication regarding the alleged debt pursuant to 15 U.S.C. §1692c(c).

12.     Defendant received Plaintiff's correspondence on December 22, 2014.

13.     Despite receiving plaintiffs correspondence, defendant made numerous additional calls to Plaintiff, both on her home and mobile telephone numbers including calls made on the following dates: January 21, 2015 (twice) and January 23, 2015.

14.     On January 26, 2015, counsel for Plaintiff sent a facsimile message, since confirmed received by Defendant, that notified Defendant of that Plaintiff was represented by counsel with respect to the debt that it was attempting to collect.

15.     Despite Defendant's knowledge of Plaintiff's representation by counsel with respect to the account held by its office, Defendant placed additional calls to plaintiff on February 24, 2015 and May 19, 2015.

16.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

17.     Defendant violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that she refused to pay the alleged debt.

18.     Defendant violated §1692c(a)(2) of the FDCPA by continuing to directly communicate with Plaintiff through telephone calls placed to her home and mobile numbers after Defendant was aware that Plaintiff was represented by legal counsel and had knowledge of the address of Plaintiff's legal counsel.

**WHEREFORE,** Plaintiff, Madelyn Thide, respectfully prays that judgment be entered against Defendant, Portfolio Recovery Associates, LLC, for the following:

a)      Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)      Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d)      Any other relief that this court deems to be just and proper.

VERIFIED COMPLAINT                                                4

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

PARAMOUNTLAW
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

VERIFIED COMPLAINT                                    5

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA                            )
                                             )   ss.
COUNTY OF TULSA                              )


Plaintiff, Madelyn Thide, states as follows:

1.      I am a Plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5.      I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.      Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.      Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Madelyn Thide, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.


_May 25, 2015_
Date

_Madelyn Thide_
Madelyn Thide
Plaintiff


VERIFIED COMPLAINT                                                    6